UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| RANJIT WHISTLEON,<br>　　　　Plaintiff,<br><br>　　　　v.<br><br>COMMONWEALTH OF MASSACHUSETTS,<br>　　　　Defendant. | Civil Action No.<br>25-11203-NMG |

ORDER

GORTON, J.

　　Pro se litigant Ranjit Whistleon, who is confined at the Suffolk County Jail, has filed a complaint (Docket # 1) against the Commonwealth of Massachusetts, alleging that his rights are being violated during court hearings in a state criminal prosecution against him and he is not receiving proper legal assistance from his attorney.  Whistleon does not specify the relief he seeks.

　　When, as here, a plaintiff is a prisoner, the Court must conduct a preliminary review of his complaint and dismiss any claim that is malicious or frivolous, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A.

　　Under the doctrine of Eleventh Amendment immunity, it is recognized that States (including their departments, agencies,

and officials acting in their official capacities) have immunity from suit in a federal court unless the State has consented to be sued in federal court or Congress has overridden the State's immunity. See Virginia Off. for Prot. & Advocacy v. Stewart, 563 U.S. 247, 253 (2011).[1] ("[A]bsent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State."). Here, Whistleon has not identified, nor can the Court discern, a claim for which the Commonwealth has waived, or Congress has abrogated, the state's sovereign immunity. Because it appears that allowing Whistleon to amend his complaint would be futile, the Court dismisses this action sua sponte.

Accordingly, the Court orders that this action be DISMISSED based on the defendant's Eleventh Amendment immunity. The motion for leave to proceed in forma pauperis (Docket # 2) shall be terminated as moot.

**So ordered.**

Dated: 12/23/2025

Nathaniel M. Gorton
United States District Judge

---

[1] The sovereign immunity of a state is often referred to as "Eleventh Amendment immunity" because the Eleventh Amendment to the United States Constitution "confirm[ed] the structural understanding that States entered the Union with their sovereign immunity intact." Va. Off. For Prot., 563. U.S. at 253.